FILED IN CHAMBERS
U.S.D.C. - Atlanta
OCT 09 2018
James N. Hatten, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>QUINTAVIOUS OBIE and<br>MONIQUE DUBOSE | CRIMINAL CASE NO.<br>1:18-CR-007-ODE-JKL |

## ORDER

This criminal case is presently before the Court on United States Magistrate Judge John K. Larkins III's Order and Final Report and Recommendation ("R&R") [Doc. 54] in which he recommends that Defendant Quintavious Obie's ("Defendant") Motion for a Bill of Particulars [Doc. 31] be denied; Defendant's Motion to Compel [Doc. 32] be denied; and Defendant's Motion to Dismiss for Prosecutorial Misconduct and Request for an Evidentiary Hearing [Doc. 34] be denied. Defendant timely filed objections to the R&R [Doc. 56]. For the reasons stated below, Defendant's objections are OVERRULED, the R&R is ADOPTED IN FULL, and Defendant's Motion to Dismiss for Prosecutorial Misconduct and Request for an Evidentiary Hearing [Doc. 34] is DENIED.

## I. BACKGROUND

On December 12, 2017, U.S. Magistrate Judge Alan Baverman signed a criminal complaint charging Defendant with unlawful possession of a firearm while being a convicted felon [Doc. 1]. On December 18, 2017, Judge Baverman held a pretrial detention hearing regarding Defendant [Doc. 22]. At this hearing, Special Agent Stuart Reagan ("Agent Reagan")--who was involved in investigating Defendant's case --testified [Id. at 5]. He testified not only about the illegal gun

possession charge, but also regarding Defendant's alleged involvement in sex trafficking, for which an indictment had not yet issued [Id. at 10-18]. Defendant's counsel cross-examined Agent Reagan.

On January 9, 2018, a grand jury returned an indictment charging Defendant with five counts of human trafficking against victims C.C., M.A., A.V.P., A.N.P., and H.T. [Doc. 13 at 1-3]. For each alleged victim, the indictment claimed that Defendant

> did, in affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, maintain, and solicit by any means [the victim], knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause [the victim] to engage in a commercial sex act, as defined in Title 18, United States Code, Section 1591(3), all in violation of Title 18, United States Code, Section 1591(a) and (b)(1) [Id.].

The indictment also provided the time frames during which Defendant allegedly victimized each of the victims:

- C.C. – October 2015 through January 2016;
- M.A. – November 2015 through December 2017;
- A.V.P. – May 2016 through August 2016;
- A.N.P. – March 2017 through May 2017; and
- H.T. – July 2017 through December 2017 [Id.].

On February 1, 2018, Defendant had a second pretrial detention hearing, this time before U.S. Magistrate Judge Justin Anand [Doc. 38]. Agent Reagan again testified regarding Defendant's alleged sex trafficking involvement [Id. at 6-21, 29-30]. In his testimony, Agent Reagan provided factual details, based on interviews conducted by him and other law enforcement officers, regarding each of the victims alleged in the indictment [Id. at 6-11, 13].

According to Agent Reagan's testimony, victim C.C. told him Defendant provided transportation for her from South Carolina to

2

Atlanta, where she began working for Defendant as a prostitute [Id. at 6-7]. Agent Reagan stated that she was required to give all her proceeds to Defendant and that once, when she failed to collect money from a customer, Defendant put her in a bath of cold water and ice [Id. at 7].

Agent Reagan also testified regarding victim M.A., who he said told FBI agents in Florida that she had been forced into prostitution by Defendant at age 15 [Id. at 8]. Agent Reagan claimed M.A. later repeated the same information to Dekalb County police [Id.].

According to Agent Reagan, victim A.V.P. told the FBI that she had been forced into prostitution by Defendant and had tried to leave once [Id.]. However, Defendant allegedly said he would get his money from her and would come to her home to get it if he had to [Id.]. Agent Reagan said, "[s]he knew that Mr. Obie had always carried a handgun, and she felt like that meant he would arrive at her apartment and use force to take that money" [Id.].

Regarding victim A.N.P., Agent Reagan testified that she told Homeland Security she had been "sold" to Defendant by a pimp in Houston, Texas, and Defendant provided her transportation to Atlanta [Id. at 10]. According to Agent Reagan, A.V.P. also reported that she worked as a prostitute for Defendant, and he provided her narcotics--to which she became addicted--before selling her to another pimp [Id.].

Lastly, Agent Reagan testified that victim H.T. told him she worked as a prostitute for Defendant and that "he had struck her on occasions" [Id. at 13]. After Agent Reagan testified on direct, Defendant's counsel cross-examined him [Id. at 43-73].

3

On March 23, 2018, Defendant filed four motions. Three of those motions are currently before the Court: Motion for a Bill of Particulars [Doc. 31]; Motion to Compel Production of Grand Jury Testimony and Exhibits [Doc. 32]; and Motion to Dismiss for Prosecutorial Misconduct and Request for an Evidentiary Hearing [Doc. 34]. Defendant attached four sworn declarations to his motion to dismiss [Docs. 34-1, 34-2, 34-3, 34-4]. Two of the declarations submitted were from alleged victims in the indictment--M.A. and A.V.P. [Docs. 34-1, 34-2], and two were from witnesses [Docs. 34-3, 34-4]. All four of the declarations closely track the language of 18 U.S.C. § 1591, which provides the statutory basis for the charges against Defendant. Specifically, the declarations state that Defendant "never forced [them] to engage in any commercial sex act"; never threatened, forced, coerced, or used fraud to encourage them to do the same; and that they never saw or heard Defendant threaten, force, coerce, or use fraud to get another to engage in a commercial sex act [Docs. 34-1, 34-2, 34-3, 34-4]. Victims M.A. and A.V.P. state in their declarations that they never told law enforcement that Defendant threatened force, forced, committed fraud, or coerced them to engage in commercial sex acts [Docs. 34-1, 34-2]. Victim A.V.P.'s declaration states that she "specifically told law enforcement that [Defendant] did not do so" [Doc. 34-2 at 2].

On June 14, 2018, Judge Larkins issued an Order and Final Report and Recommendation [Doc. 54]. In it, he recommends that Defendant's Motion to Compel Production of Grand Jury Testimony and Evidence [Doc. 32], Motion for a Bill of Particulars [Doc. 31], and Motion to Dismiss for Prosecutorial Misconduct and Request for an Evidentiary Hearing [Doc. 34] all be denied. On June 27, 2018, Defendant timely

4

filed objections to the R&R [Doc. 56]. On August 7, 2018, the Court ordered the Government to respond to Defendant's objections [Doc. 66]. The Government filed its response on August 17, 2018 [Doc. 70].

**II. LEGAL STANDARD**

In reviewing an R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Absent objection, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**III. DEFENDANT'S OBJECTIONS**

Defendant objects to the rulings and recommendation in the R&R. Defendant's specific objections are as follows:

1. Defendant is entitled to a bill of particulars because the government has failed to sufficiently identify the alleged commercial sex acts upon which Defendant is charged or the manner by which he allegedly procured them.

2. Production of the grand jury testimony should be compelled because Defendant has submitted evidence that directly contradicts the charges against him, and thus the Government must have presented false evidence during the grand jury proceedings.

3. Defendant's Motion to Dismiss for Prosecutorial Misconduct [Doc. 34] should be granted--or, at least, an evidentiary hearing should be permitted--because the defense provided evidence that contradicts what was "necessarily presented to the grand jury" [Doc. 56 at 16].

## A. Motion for a Bill of Particulars

Defendant requested a bill of particulars containing the following: (1) the date, alleged victim, and nature of the "commercial sex act"; (2) the date and contact information for the alleged "john" who paid for the "commercial sex act"; (3) the date, alleged victim, and manner by which Defendant allegedly "recruit[ed], entice[d], harbor[ed], transport[ed], provide[d], obtain[ed], maintain[ed], and solicit[ed]" as charged in each count; and (4) the date, alleged victim, and manner by which Defendant allegedly engaged in "force, threats of force, fraud, and coercion" as charged in each count [Doc. 31 at 9]. The R&R recommended that Defendant's Motion for a Bill of Particulars be denied. The R&R found that the indictment, together with the discovery materials and testimony from Defendant's pretrial detention hearings, sufficiently apprised Defendant of the charges against him.

Defendant argues that a bill of particulars is appropriate because, without it, he lacks the basic information necessary to mount his defense. Specifically, Defendant states he has not been informed of what exact commercial sex acts he allegedly procured or the manner in which he allegedly procured them. Defendant also claims to not know when or where these alleged acts took place.

As the R&R states, "[t]he purpose of a bill of particulars is 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" United States v. Davis, 854 F.3d 1276, 1293 (11th Cir. 2017) (quoting United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985)). A bill of particulars

6

is not appropriate where the information sought is available "through other sources such as the indictment or discovery and inspection." United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986).

Defendant is not entitled to a bill of particulars. First, Defendant is sufficiently aware of the timing and victims involved in the charges against him. The indictment provides the victims' initials and the time periods of their alleged victimization [Doc. 71 at 1-2]. It is true, as Defendant notes, that the indictment does not provide specific dates for Defendant's alleged violations. However, the Court notes that, according to the indictment, the violations were ongoing and "continu[ed] through" the time periods provided [Id.]. The Government is not offering a time period and alleging that, at some undetermined point therein, Defendant once violated 18 U.S.C. § 1591; rather, the Government is alleging that many violations occurred against each named victim during the provided time periods. The Court finds this is sufficient to allow Defendant to prepare his defense and avoid surprise at trial. Further, by contacting the alleged victims to obtain their sworn declarations, Defendant implicitly revealed he is aware of their identities.

Defendant also has sufficient information from the indictment, discovery materials, and conducted hearings regarding the alleged commercial sex acts. The Government has provided Defendant with "relevant law enforcement reports, Defendant's jail calls, photographs, and copies of surveillance videos" [Doc. 46 at 5]. The Court finds that the discovery materials provided by the Government and the testimony of Agent Reagan in the two hearings sufficiently inform Defendant of the factual allegations supporting the charges

7

against him. Notably, Agent Reagan testified that Defendant "forced [multiple women] into prostitution" [Doc. 22 at 12]. Black's Law Dictionary defines prostitution as "[t]he act or practice of engaging in sexual activity for money or its equivalent; commercialized sex." *Prostitution*, Black's Law Dictionary (10th ed. 2014). The Court finds this sufficient to allow Defendant to prepare his defense and avoid surprise at trial. It is not necessary for the government to provide a ledger detailing the specific acts of prostitution allegedly performed--the possibilities are limited and the implication is clear.

Finally, Defendant has been made sufficiently aware of facts regarding the manner of commercial sex act procurement. According to Agent Reagan's testimony, Defendant

- purchased a woman to prostitute and later sold her to a pimp [Id. at 14];
- required women to give him all their proceeds from prostitution [Id. at 12, 14];
- assaulted a woman and forced her into a "bathtub of ice-filled water" when she "did not have money" for him [Id. at 10];
- provided at least one woman with narcotics while working for him, to which she became addicted [Doc. 38 at 10]; and
- carried a handgun and told one woman he would "get his money from her and if he had to come over to where she lived to get it he would" [Id. at 8].

Further, as the R&R reflects, Agent Reagan gave testimony specific to each alleged victim in the superseding indictment [Doc. 54 at 10-12]. Defendant claims he does not know how he allegedly violated the

8

statute--whether by "recruit[ing], entic[ing], harbor[ing], transport[ing], provid[ing], obtain[ing], patroniz[ing], or solicit[ing]"--or how he allegedly facilitated commercial sex acts--whether by "means of force, threats of force, fraud, coercion," or a combination thereof. 18 U.S.C. § 1591(a). Given the aforementioned testimony by Agent Reagan, however, the Court finds a bill of particulars is not required and the facts provided sufficiently apprise Defendant of the means and method of his alleged violations.

Moreover, Defendant does not cite any cases in which a defendant's similar request for a similar bill of particulars was granted. Conversely, the R&R and the Government do cite supporting case law. For example, in United States v. Robinson, No. 1:14-cr-176-RWS-JSA, 2014 WL 6667018, at *8 (N.D. Ga. Nov. 24, 2014), the defendant's motion for a bill of particulars was denied despite the government failing to specify the precise statutory means by which the defendant allegedly violated Section 1591(a). Id. The Court found that, because "the [g]overnment is entitled to allege multiple means of committing an offense," requiring the government to disclose further information would be "tantamount to a demand for the [g]overnment's evidence." Id. Beyond a lack of case law supporting his motion, Defendant also does not explain how Agent Reagan's testimony fails to inform him of the basis for his charges. For these reasons, the Court agrees with the R&R that a bill of particulars is not warranted here.

### B. Motion to Compel Production of Grand Jury Testimony and Exhibits

Defendant also moved to compel the production of grand jury testimony [Doc. 32]. The R&R recommended that Defendant's motion to

9

compel be denied [Doc. 54 at 18]. The R&R found that Defendant failed to show a particularized need as required for compulsion of grand jury testimony and evidence. Defendant argues that, because he has presented declarations from his alleged victims contradicting the Government's contentions, the Government must have presented false testimony to the grand jury. Accordingly, Defendant contends he is entitled to review the grand jury materials.

A district court has "'substantial discretion' in determining whether grand jury materials should be released." United States v. Aisenberg, 358 F.3d 1327, 1349 (11th Cir. 2004) (quoting Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 223 (1979)). A court may authorize disclosure of the record of a grand jury's proceedings "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). However, for disclosure to be justified, the seeking party must show that (1) they seek the material to avoid possible injustice in another proceeding; (2) the need for disclosure outweighs the need for secrecy; and (3) the request is tailored to "'cover only material so needed.'" Aisenberg, 358 F.3d at 1348 (quoting Douglas Oil Co., 441 U.S. at 222). To meet the second requirement, the requesting party must show "a compelling and particularized need for disclosure." Id. Notably, "'a blanket request for *all* . . . grand jury materials . . . cannot be described as the kind of particularized request required for the production of otherwise secret information.'" Id. at 1349 (quoting United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir. 2001)) (emphasis in original).

10

Defendant is not entitled to disclosure of the grand jury materials. Defendant fails to make a particularized request for production. He instead broadly moves for compulsion of all "transcripts of testimony presented to the grand jury and other evidence presented to the grand jury" [Doc. 32 at 1]. Even after the R&R pointed out this defect in Defendant's motion, he made no attempt to address it or more narrowly tailor his request in his objections to this Court. As the R&R states, the mere fact that Defendant produced declarations that are inconsistent with Agent Reagan's testimony "do[es] not entitle him to sift through the entire grand jury record" [Doc. 54 at 16]. The R&R thus rightfully recommended denial of Defendant's Motion to Compel Production of Grand Jury Testimony and Exhibits [Doc. 32].

### C. Motion to Dismiss for Prosecutorial Misconduct and Request for an Evidentiary Hearing

Defendant also moves to dismiss the indictment based on prosecutorial misconduct [Doc. 34]. Specifically, Defendant claims that because the declarations he has presented refute the charges against him and contradict the Government's allegations, the Government must have presented false evidence to the grand jury.[1] He further argues that, at minimum, the declarations merit further exploration via an evidentiary hearing. The R&R recommends denial of Defendant's motion, finding that Defendant failed to show that any potential prosecutorial misconduct substantially influenced the grand

---

[1] As the R&R notes, A.N.P.'s purported Facebook communications and H.T.'s alleged statement to the defense team are not properly before the Court [Doc. 54 at 22]. The Court thus does not consider them in determining the validity of Defendant's motion to dismiss the indictment.

jury or that the Government knowingly presented or failed to later correct false testimony.

For an indictment to be dismissed for prosecutorial misconduct, the defendant must show "that the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony, and that falsehood was material." United States v. Cavallo, 790 F.3d 1202, 1219 (11th Cir. 2015) (citing United States v. McNair, 605 F.3d 1152, 1208 (11th Cir. 2010)). Further, even if a defendant makes this showing, the indictment should only be dismissed if "the misconduct 'substantially influenced the grand jury's decision to indict'" or there is "grave doubt that the decision to indict was free from the substantial influence of such violations." Id. (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988)).

As the R&R states, neither requirement is satisfied here. Defendant attached four declarations to his motion--two by alleged victims M.A. and A.V.P., and two by witnesses [Docs. 34-1, 34-2, 34-3, 34-4]. The declarations closely track the statutory language of 18 U.S.C. § 1591. For example, both alleged victims' declarations state that they "did not tell law enforcement that Quintavious Obie forced, threatened force, committed fraud, or coerced me to engage in a commercial sex act" [Doc. 34-1 at 2; Doc. 34-2 at 2]. These statements do not show that the government knowingly presented false evidence to the grand jury. At most, they suggest inconsistent statements by the alleged victims. Moreover, as the R&R notes, the declarations are conclusory and provide little insight into what the alleged victims said to law enforcement. Even assuming it is true that the two alleged victims did not tell law enforcement that

12

Defendant "forced, threatened force, committed fraud, or coerced" them, it could nonetheless be true that they provided facts from which the Government inferred force, fraud, or coercion. Thus, these statements in the declarations do not show that the Government knowingly presented false testimony to the grand jury.

Defendant also points to victim A.V.P.'s declaration statement that she "specifically told law enforcement that Quintavious Obie did not [force, threaten force, commit fraud, or coerce her to engage in a commercial sex act]" [Doc. 34-2 at 2]. According to Defendant, this statement reveals that the Government must have presented false testimony regarding this victim because it otherwise could not have obtained an indictment on a charge involving her. Again, however, this statement merely creates a conflict in the evidence: the alleged victim claims she did not tell law enforcement she was forced or coerced or threatened [Id.]; the Government claims she did [Doc. 38 at 9]. These statements in the victims' declarations simply do not show that the government knowingly presented false testimony to the grand jury, nor do they merit an evidentiary hearing on the matter. Moreover, because Defendant has failed to show misconduct by the Government, it is not possible for him to show, as required, that the alleged misconduct substantially influenced the outcome of the grand jury proceedings. Thus, Defendant's Motion to Dismiss for Prosecutorial Misconduct and Request for an Evidentiary Hearing [Doc. 34] is DENIED.

## IV. CONCLUSION

For the above reasons, Defendant's objections [Doc. 56] are OVERRULED and Judge Larkins' Order and Final Report and Recommendation is ADOPTED IN FULL. Defendant's Motion to Dismiss for

13

Prosecutorial Misconduct and Request for an Evidentiary Hearing [Doc. 34] is DENIED.

SO ORDERED this 9 day of October, 2018.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE