FILED IN CHAMBERS
U.S.D.C. - Atlanta

OCT 17 2018

James N. Hatten, Clerk
[signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:18-CR-007-ODE-JKL |
| QUINTAVIOUS OBIE and MONIQUE DUBOSE | |

ORDER

This case is before the Court on United States Magistrate Judge John K. Larkins III's Non-Final Report and Recommendation ("R&R") [Doc. 109] in which he recommends that Defendants' Joint Motion for Severance of Parties [Doc. 100] and Defendant Quintavious Obie's ("Obie") Motion to Sever Counts Five Through Eight [Doc. 101] be denied. For the reasons stated below, Defendants' objections are OVERRULED, the R&R is ADOPTED IN FULL, and Defendants' Joint Motion for Severance of Parties [Doc. 100] and Obie's Motion to Sever Counts Five Through Eight [Doc. 101] are DENIED.

**I. BACKGROUND**

On January 9, 2018, a grand jury returned an indictment against Obie [Doc. 13]. The indictment charged Obie with five counts of sex trafficking in violation of 18 U.S.C. § 1591(a) and (b)(1) [Id.]. Then, on August 21, 2018, a grand jury returned a superseding indictment against Obie and a new defendant, Monique Dubose ("Dubose") (together, "Defendants") [Doc. 71]. The superseding indictment charged Obie with four counts of sex trafficking in violation of 18 U.S.C. § 1591(a); one count of witness harassment in violation of 18 U.S.C. § 1512(d)(2); one count of conspiracy to commit witness tampering in violation of 18 U.S.C. § 1512(k); and two

counts of witness tampering in violation of 18 U.S.C. § 1512(b)(1) [Id.]. The superseding indictment charged Dubose, alongside Obie, with one count of conspiracy to commit witness tampering in violation of 18 U.S.C. § 1512(k) and two counts of witness tampering in violation of 18 U.S.C. § 1512(b)(1) [Id.].

On September 24, 2018, Obie filed the Motion to Sever Counts Five Through Eight [Doc. 101] and Defendants' Joint Motion for Severance of Parties [Doc. 100].[1] On October 1, 2018, Judge Larkins issued a Non-Final Report and Recommendation [Doc. 109], in which he recommended denial of both motions [Docs. 100, 101]. On October 3, 2018, this Court directed the parties to file any and all objections to the R&R by October 10, 2018 [Doc. 112]. On October 10, Obie and Dubose filed separate objections to the R&R [Docs. 118, 119]. Those objections are now before the Court for its consideration.

## II. LEGAL STANDARD

In reviewing an R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Absent objection, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

---

[1] Like the R&R, the Court notes that although the motion to sever Defendants is captioned as a "joint motion" and claims "Defendants" move for severance, Obie's counsel alone signed the motion. However, Dubose's counsel has not objected to the motion. Accordingly, the Court treats the motion as a joint request for severance of Defendants.

## III. DEFENDANTS' OBJECTIONS

As previously mentioned, Obie and Dubose individually filed objections to the R&R [Docs. 118, 119]. Although Defendants' objections overlap to some degree, the Court addresses each of their respective objections in turn.

### A. Obie's Objections

Obie makes the following objections to the R&R, focusing on the validity of the Motion to Sever Counts Five Through Eight [Doc. 101]:

- Failure to grant his Motion to Sever Counts Five Through Eight [id.] would constitute an abuse of discretion because those counts are temporally separate from the original sex trafficking charges and the evidence to prove those counts is distinct.

- Severance is appropriate because the Government has not yet provided all Rule 16 discovery materials regarding counts five through eight of the indictment. Further, Dubose has not filed pretrial motions, and her case is not certified ready for trial.

As to Obie's first objection, the Court finds it would not constitute an abuse of discretion to deny his Motion to Sever Counts Five Through Eight [Doc. 101]. There is a two-step inquiry for determining whether separate charges can be tried together: (1) whether joinder of the offenses is proper under Federal Rule of Criminal Procedure 8(a); and (2) whether joinder, even if proper, may nonetheless be denied under Federal Rule of Criminal Procedure 14(a) because of potential resulting prejudice to a defendant or the government. As the R&R notes, the charges are properly joined under

3

Federal Rule of Criminal Procedure 8(a). Rule 8(a) states that charges may be joined "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) is "construed broadly in favor of initial joinder." United States v. Walser, 3 F.3d 380, 385 (11th Cir. 1993). Where claims are properly joined under Rule 8(a), a court may nonetheless sever them based on Federal Rule of Criminal Procedure 14(a) if it finds that joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). Denial of a severance motion will be upheld unless there is a "clear abuse of discretion resulting in compelling prejudice against which the district court could offer no protection." Walser, 3 F.3d at 385.

Although the alleged conduct underlying the sex trafficking and witness tampering charges occurred at different times, that does not alone justify their severance. See Walser, 3 F.3d at 385 (finding severance of charges improper despite them being "distinct in time"). Further, the evidence for the sex trafficking and witness tampering charges is not as distinct as Obie claims. Rather, the two categories of charges are connected because the motive for one, the witness intimidation charges, was "an attempt to escape criminal liability" for the other, the sex trafficking charges. See United States v. Scott, 659 F.2d 585, 589 (5th Cir. Unit B Oct. 1981), cert. denied, 459 U.S. 854 (1982). The indictment alleges that Obie committed witness tampering "with the intent to influence, delay, and prevent the testimony" of several witnesses regarding the sex trafficking charges against him [Doc. 71 at 3-4]. See United States v. Chagra, 754 F.2d 1186, 1188 (5th Cir. 1985) ("An indictment states

4

a common scheme under Rule 8(a) when it alleges that a defendant has attempted to escape liability for one criminal offense through the commission of others."). Moreover, for a jury to understand the context of the witness tampering charges, introduction of some evidence relating to the sex trafficking charges would likely be necessary. For these reasons, the charges are properly joined under Rule 8(a). Further, Obie does not make any specific argument regarding how the joinder of the charges--because of their temporal separation, evidentiary differences, etc.--would prejudice him at trial. Accordingly, the Court finds that their joinder does not prejudice Obie.

Obie's second objection concerns his lack of access to Rule 16 discovery materials regarding the witness tampering charges and Dubose's forthcoming pretrial motions and lack of certification for trial.[2] Obie appears to argue that, together, these circumstances make joinder of the claims prejudicial to him. A "district court has discretion to decline to consider a party's argument when the argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). Obie did not submit an argument to the magistrate judge regarding the availability of Rule 16 discovery materials for the witness tampering charges. Thus, because Obie first raises this issue in his objections to the R&R, the Court exercises its discretion and declines to consider it. Moreover, the Court notes that whether Dubose has filed her pretrial

---

[2]The Court notes that Obie also mentions his earlier motion to suppress [Doc. 104], which was pending when he filed his objections, as a reason for severance. However, the Court has since ruled on the motion [Doc. 123] and thus does not substantively address this argument.

5

motions or been certified for trial is not relevant to whether joinder of the charges against Obie is proper. Neither makes joinder of the charges improper or causes Obie prejudice.

**B.   Dubose's Objections**

Dubose makes the following objections to the R&R, focusing on Defendants' Joint Motion for Severance of Parties [Doc. 100]:

- Joinder is improper under Federal Rule of Criminal Procedure 8(b) because the charges against Obie and Dubose are "two completely separate transactions" with only a "tangential relationship," and proving witness tampering does not overlap with proving sex trafficking [Doc. 119 at 2].

- Failure to sever Defendants' cases would unduly prejudice Dubose because sex trafficking carries a "certain stigma in society" which cannot be adequately mitigated by limiting instructions [Id. at 3]. Thus, keeping Defendants' cases together would unfairly tie Dubose to the alleged sex trafficking acts of Obie, for which she is not responsible.

- Severing the cases against Dubose and Obie would serve the best interest of justice because it would allow Dubose sufficient time to prepare for a trial while simultaneously ensuring Obie's right to a speedy trial is not unduly delayed.

Dubose first argues that Defendants are improperly joined under Federal Rule of Criminal Procedure 8(b). Rule 8(b) states that two or more defendants may be simultaneously charged in an indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an

6

offense or offenses." Fed. R. Crim. P. 8(b). The rule specifies that it is not necessary for all defendants to be charged in every count. Id. Dubose contends that the sex trafficking charges against Obie are "completely separate transactions" from the alleged witness tampering, and the two have only a "tangential relationship" with one another. This argument, however, confuses the standard for joining defendants with that for joining charges. To join defendants, Rule 8(b)--as previously stated--requires only that they be alleged to have participated in the same act or transaction. Here, the indictment alleges that Defendants "aided and abetted" each other and "intentionally combined, conspired, agreed, and had a tacit understanding with each other" to commit witness tampering [Doc. 71 at 3-4]. Thus, Defendants allegedly participated in the same transactions as required by Rule 8(b). Further, it is not necessary that Dubose be charged in each count of the indictment--as Obie is-- for joinder to be proper. See Fed. R. Crim. P. 8(b). Accordingly, Defendants are properly joined under Rule 8(b). To the extent Dubose substantively argues the charges are improperly joined--because of their temporal and evidentiary differences--the Court finds, as it did with Obie's identical objection, that joinder of the charges is proper under Rule 8(a).

Dubose further objects to Defendants' joinder by arguing that it causes her undue prejudice. As with joinder of charges, a court may deny joinder of defendants based on Rule 14(a) where joinder would prejudice a defendant or the government. Fed. R. Crim. P. 14(a). Dubose argues that the sex trafficking charges against Obie "come with a certain stigma in society," and joining her as a defendant with Obie would unfairly associate his sex trafficking acts, "for

7

which she has no responsibility," with her. Dubose also argues a limiting instruction would be inadequate to abate the prejudice such association would bring. The Court disagrees. Limiting instructions "often will suffice to cure any risk of prejudice." Zafiro v. United States, 506 U.S. 534, 539 (1993). As the R&R states, the concern that "a jury will be unable to sift through the evidence at trial and make an individual determination of guilt as to each of them is a concern in virtually any multi-defendant case" [Doc. 109 at 8]. The fact that the sex trafficking charges against Obie potentially involve a cultural "stigma" does not justify severance. Rather, the Court finds that any possible prejudice to Dubose in a joint trial could be cured by limiting instructions to the jury. See Zafiro, 506 U.S. at 539. Further, as previously mentioned, the witness tampering charges and sex trafficking charges are related; the latter allegedly provided the motive for the former. Thus, even if the Court severed Defendants, it is unlikely Dubose would avoid the introduction of at least some evidence at her trial pertaining to the sex trafficking charges against Obie. The potential for prejudice against Dubose simply does not warrant severance.

Finally, Dubose argues that severing Defendants would best serve the interests of justice. Specifically, Dubose argues severance is more preferable than a continuance. Dubose contends the Government used its superseding indictment to delay trial, and severance would rightly prevent the Government from continuing to benefit from such manipulation. Dubose also claims that a continuance is less preferable because a continuance--although appropriate for Dubose, who has not had adequate time to prepare for trial--would negatively impact Obie's right to a speedy trial. Dubose argues that,

8

conversely, granting severance of Defendants would ensure proper trial timing for both Obie and Dubose. The Court disagrees that severance would best serve the interests of justice. First, Dubose submits no evidence supporting her contention that the Government is purposefully manipulating the system and delaying trial. Second, severance would not be preferable to a continuance. For example, severance would require the Court to conduct two separate trials, thereby using more judicial resources and decreasing efficiency. There would also likely be extensive duplication of evidence if severance were granted. See Zafiro, 506 U.S. at 540 ("Rules 8(b) and 14 are designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.") (internal quotation marks and citation omitted). Lastly, federal law allows for reasonable delay to a defendant's trial where a codefendant has been joined. See 18 U.S.C. § 3161(h)(6). For these reasons, the Court finds severance of Defendants does not best serve the interests of justice.

**IV. CONCLUSION**

For the above reasons, Defendants' objections [Docs. 118, 119] are OVERRULED and Judge Larkins' Non-Final Report and Recommendation is ADOPTED IN FULL. Defendants' Joint Motion for Severance of Parties [Doc. 100] and Obie's Motion to Sever Counts Five Through Eight [Doc. 101] are DENIED.

SO ORDERED this __16__ day of October, 2018.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE