IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION FILE NO. |
| v. | |
| QUINTAVIOUS OBIE (1), | 1:18-CR-007-ODE-JKL-1 |
| Defendant. | |

## **FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Quintavious Obie's Motion to Dismiss for Prosecutorial Vindictiveness. [Doc. 173.] For the reasons that follow, it is **RECOMMENDED** that the motion be **DENIED**.

**I.    Background**

On January 9, 2018, a grand jury seated in the Northern District of Georgia returned an indictment against Obie, charging him with five counts of human trafficking in violation of 18 U.S.C. § 1591(a) and (b)(1), with each count involving a different purported victim. [Doc. 13.] Obie has been detained pending trial. [Doc. 25.] In July 2018, the case was set for trial on September 10, 2018. [Doc. 57.]

On August 14, 2018, the government moved to continue the trial. [Doc. 68.] The government explained that it had not sought a continuance at an earlier date because defense counsel informed the government in July 2018 that he would be seeking a continuance, but did not do so, and only informed the prosecutors that "he would no longer be seeking a continuance of trial" during the first week of August. [Doc. 68 at 1-2.] The government also noted that one of the two prosecutors assigned to the case had just returned from maternity leave, that the other prosecutor had a sensitive personal matter that required her attention in mid-September, and that one of the alleged victims in the case was pregnant, making travel difficult for her. [*Id.* at 2.] Notably, the government also stated that it intended to seek a superseding indictment, "to add additional charges," within the next week. [*Id.*] Finally, the government wrote:

> Government counsel inquired whether Obie would oppose a continuance of trial. Defense counsel said that he must confer with Obie. Thus, the government does not know at this time whether Obie would oppose a continuance.

[*Id.* at 3.]

As forewarned in the motion for continuance, on August 21, 2018, the government obtained a superseding indictment. [Doc. 71.] The superseding indictment removed one sex trafficking count, but also added DuBose as a

2

defendant and asserted witness tampering charges against both Obie and DuBose. [*Id.*] Three days later, Obie filed his response in opposition to the government's request for a continuance. [Doc. 78.] The Court first reset the trial date to October 15, 2018, and then on October 3, 2018, reset the trial a second time, to October 29, 2018.[1] [Doc. 95; Doc. 112.]

On October 17, 2018, the government obtained a second superseding indictment [Doc. 139], adding one additional sex trafficking charge against Obie and modifying slightly the pertinent geographic area in which the alleged sex trafficking occurred [*compare id.*, *with* Doc. 71]. Three days later, the government also moved to disqualify Obie's lead defense counsel, Richard Rice, from the case on the grounds that he personally attempted to obtain exonerating statements from alleged victims, and would therefore inevitably become an "unsworn witness" at trial. [Doc. 146.]

On November 16, 2018, while the disqualification motion remained pending, Obie filed the present motion to dismiss the claims against him due to prosecutorial vindictiveness. [Doc. 173.] Obie argues that the government obtained the two superseding indictments against him to "punish [him] for his exercise of his right

---

[1] Ultimately, the Court reset the trial for December 3, 2018.

to a jury trial and refusal to consent to a continuance [of trial]." [Doc. 173 at 11.] He maintains that since the government was "fully aware of all the alleged conduct underlying the new charges" and only presented the superseding indictments after he opposed the motion for continuance, the "inexorabl[e] . . . conclusion" is that he was punished for exercising his protected right. [*Id.*] Combined with other evidence—in particular, the fact that the government contacted an alleged victim, H.T., who was represented by counsel in relation to a prostitution charge, without consent of her counsel—Obie contends, makes a finding of "actual vindictiveness [] inescapable." [*Id.* at 4-5, 11-12.]

## II.   Discussion

### A.   Applicable Standard

As a general rule, "[a]s long as the prosecutor has probable cause to believe the accused has committed a crime, the courts have no authority to interfere with a prosecutor's decision to prosecute." *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006).  There is nothing unusual or improper about superseding an indictment with new charges and/or defendants.  Indeed, it is quite common for the government to supersede an indictment in order to add information acquired during a continuing investigation.  But where a prosecutor makes a charging decision to improperly punish a defendant for simply exercising a protected statutory or

4

constitutional right, the defendant's right to due process is violated.  *United States v. Kendrick*, 682 F.3d 974, 981 (11th Cir. 2012) (citations omitted).

"There are two ways to prove a prosecutorial vindictiveness claim:  (1) by showing that a presumption of vindictiveness arises from the government's conduct; or (2) by showing actual vindictiveness."  *United States v. Marks*, No. 11-80072-CR, 2013 WL 4516760, at *1 (S.D. Fla. Aug. 14, 2013), *report and recommendation adopted*, 2013 WL 4502309 (S.D. Fla. Aug. 23, 2013); *see also United States v. Brown*, 862 F. Supp. 2d 1276, 1289 (N.D. Ala. 2012), *aff'd*, 516 F. App'x 872 (11th Cir. 2013).  In the pretrial setting, there is no presumption of vindictiveness just because the government supersedes an indictment—even multiple times—after a defendant has exercised a legal right.  *Barner*, 441 F.3d at 1316 ("While a prosecutor's decision to seek heightened charges after a successful *post-trial* appeal is enough to invoke a presumption of vindictiveness, 'proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the *pretrial* context.'") (quoting *United States v. Miller*, 948 F.2d 631, 633 (10th Cir. 1991)); *see also United States v. Goodwin,* 457 U.S. 368 (1982) (holding that automatic presumption of

vindictiveness did not apply to pretrial increase in charges).[2]  Accordingly, Obie must demonstrate actual vindictiveness.

"To establish actual vindictiveness, a defendant must prove that:  (1) the prosecutor wanted to punish the defendant for exercising his rights (animus); and (2) the prosecutor's animus caused the prosecutor to bring charges of increased severity (causation)."  *Brown*, 862 F. Supp. at 1290.  Here, Obie has not alleged facts that plausibly suggest, as a threshold matter, any causal connection between the government's seeking a superseding indictment in this case and his own exercise of a protected legal right.  In the government's motion for a continuance, filed on August 14, 2018, the government explicitly stated that one of the reasons for a continuance was that it already intended to seek a superseding indictment in the case to add additional charges.  [Doc. 68 at 3.]  Moreover, counsel for the government represented to the Court that based upon her consultation with Obie's counsel prior to filing the motion, the government did not even know whether Obie

---

[2] In *Barner*, the Eleventh Circuit did not absolutely foreclose the possibility that in the pre-trial context, a presumption of vindictiveness could arise, *see Barner*, 441 F.3d at 1316-17; however, Obie cites no case suggesting that mere opposition to a continuance of trial would give rise to such a presumption, and ties no other exercise of his right to trial to the decisions to supersede the indictments in this case.

would oppose a continuance. [*Id.*] Significantly, Obie did not object to the motion for continuance until after the first superseding indictment was filed. [Docs. 71, 78.]

Obie comes forward with no evidence to suggest that the government's representations were false. Indeed, in his response to the motion for a continuance, Obie did not take issue with the government's factual statements in support of the motion.[3] [*See* Doc. 78.] Since the government was already prepared to seek a superseding indictment—and in fact obtained one—***before*** Obie opposed the request for a continuance, there can be no causal relationship between the two events.[4] As such, assuming that Obie's opposition to the scheduling of trial was a protected right, Obie simply cannot show that the decision to obtain the superseding indictment was motivated by a desire to punish him for exercising that right.[5]

---

[3] Nor did Obie challenge the government's statement that his counsel initially represented in July 2018 that Obie himself would seek a continuance of trial.

[4] Nor has Obie presented evidence that plausibly suggests that the government's decision to seek the second superseding indictment (which, unlike the first superseding indictment did not add counts premised on violations of new code sections) was caused by Obie's opposition to the government's request for a continuance. [*See* Doc. 173 at 3.]

[5] As noted above, Obie does not identify any other exercise of his right to trial that purportedly precipitated the government's decision to supersede the original or first superseding indictments.

Because Obie has not come forward with evidence plausibly suggesting that the decision to seek new charges was motivated by Obie's objection to a continuance the trial date, the Court's analysis can end there. But, even if Obie could show that his opposition was causally related to the decision to supersede the indictment, Obie must *also* come forward with additional evidence demonstrating actual vindictiveness. *See Barner*, 441 F.3d at 1316. As evidence of vindictiveness, Obie points out that (1) the government seeks to disqualify Obie's counsel; (2) the lead case agent made comments to Dubose after her arrest questioning whether her attorney had her best interests at heart; and (3) the case agent allegedly interviewed H.T. without the consent of H.T.'s lawyer. The Court, however, simply cannot agree that those actions demonstrate the government's vindictiveness against Obie for exercising a protected right. The motion to disqualify, which is presently pending before the undersigned, is not frivolous or made in bad faith. Likewise, the case agent's comments to Dubose about her choice of counsel (who shares office space with Mr. Rice) do not obviously implicate the government's charging decisions with regard to Obie, much less suggest that those decisions were motivated out of vindictiveness toward Obie's refusal to consent to a continuance. Finally, the Court rejects Obie's assertion that the government's

case agent's interview of H.T. violated Georgia Rule of Professional Conduct 4.2, which generally prohibits lawyers from communicating with represented persons, and as well as his argument that such conduct demonstrates vindictiveness.[6] Obie has not proffered any evidence to make even a prima facie showing that the government violated Rule 4.2; rather, he simply asserts that because an agent interviewed H.T., the rule must have been violated. Likewise, he presents no cogent argument connecting the case agent's conduct to the government's decision to supersede the indictments. In sum, given Obie's failure to tie any of the complained-of conduct to the decision to increase the charges against him, he simply has not demonstrated a "realistic likelihood of vindictiveness" in this case. *See Barner*, 441 F.3d at 1318.

---

[6] Rule 4.2 provides:

> (a) A lawyer who is representing a client in a matter shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order.
>
> (b) Attorneys for the State and Federal Government shall be subject to this Rule in the same manner as other attorneys in this State.

Ga. R. Prof'l Conduct 4.2.

For these reasons, therefore, Obie's motion to dismiss all claims against him in this case due to prosecutorial vindictiveness should be denied.

## III.   Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Defendant Quintavious Obie's Motion to Dismiss for Prosecutorial Vindictiveness [Doc. 173] be **DENIED**.

IT IS SO RECOMMENDED this 19th day of November, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge