IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL CASE NUMBER: |
| | : | 1:18-cr-00007-ODE-JKL |
| QUINTAVIOUS OBIE, | : | |
| Defendant. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

The Court on November 27, 2018 heard evidence and oral argument on the Government's Motion for ~~and~~ Evidentiary Hearing Regarding Defendant Obie's Contempt of Court and Motion for Modification of Pretrial Detention Conditions [159].

## I. *Order Modifying Conditions of Detention*

For the reasons explained in detail on the record in open court at the conclusion of the hearing, the Court **GRANTS** the Government's Motion [159] to the extent it seeks Modification of Pretrial Detention Conditions. The Court finds that Defendant Obie has violated the restrictions set forth in the Court's prior Orders [50][61]. The Defendant communicated via telephone with an individual (specifically, E.W.) from October 19, 2018 through on or about October 22, 2018,

about specific witnesses and/or victims in this case, and for purposes of facilitating E.W.'s contact with those witnesses and/or victims about their testimony in this case.  Although the Court in its prior orders allowed the Defendant limited telephonic contact rights vis-à-vis certain specified family members and others (including E.W.), that permission expressly prohibited discussions about victims and witnesses in the case.  It was undisputed at the hearing, and the evidence clearly showed, that the Defendant violated these restrictions in the conversations referenced above.  Thus, the Court must now grant the Government's request, by which Defendant is **ORDERED** to be restricted from any telephone privileges while in detention, except with his defense counsel team.  The Court heard a further proffer of evidence from the Government that, according to jail personnel, the only way to ensure compliance with this restriction will be to segregate Defendant from the general population.  Thus, the Court **ORDERS** that the Detention Facility implement such a segregation along with any other steps reasonably necessary to restrict Defendant's access to the telephone (except for communications with the defense team).

The restrictions set forth in this Order are to last through the conclusion of trial.

## II.     *Report and Recommendation on Motion for Contempt*

The Government's Motion [159] additionally requested a finding of contempt of the Court's prior Orders [50][61].  The Government confirmed at the hearing that it is not seeking *criminal* contempt penalties and, for the reasons explained further at the hearing, the Court declined to make its own motion to initiate criminal contempt proceedings.  Thus, the Court considers the question under the standards of civil contempt only.

Although the violations at issue are of the undersigned's prior orders, the relevant statute does not authorize the undersigned Magistrate Judge in the circumstances of this case to grant or deny motions for contempt.  *See* 28 U.S.C. § 636(e)(6).  Thus, the Court issues its findings and conclusions in the form of a Report and Recommendation to the District Judge.

Civil contempt is solely a coercive device imposed to secure compliance with a court order.  *See, e.g., In re Grand Jury Proceedings*, 877 F.2d 849, 850 (11 Cir. 1989).  Here, such a device is unnecessary because the Court has already ordered the remedial measures requested by the Government to prevent further violations.  Therefore, in light of the Court's modification of the conditions of pretrial detention, the issue of civil contempt is moot and the Court

**RECOMMENDS** that the Government's request be **DENIED** solely on that basis.[1]

**IT IS SO ORDERED and RECOMMENDED** this 29th day of November, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

[1] In the event that there is any challenge to the undersigned's authority to issue an order governing the conditions of confinement to protect the integrity of the evidence in the case, and the witnesses and victims, then the question of civil contempt may not be moot.  Thus, the Court alternatively recommends, if any such objections are made and sustained to the Court's order in Section I above, that the same remedial measures be imposed on the basis of civil contempt.  As explained above, and on the record at the conclusion of the hearing, the Court certifies its findings of fact that the Defendant engaged in four telephone calls between October 19, 2018 and October 22, 2018 with E.W., about witnesses and/or victims in the case, for the purpose of E.W. contacting one or more witnesses and/or victims on Defendant's behalf, about the subject of their testimony.  This activity reflects clear violations of the Court's prior orders [50][61].  As explained above, the additional telephone restrictions and segregation are necessary to ensure compliance and, if necessary, should be imposed on the basis of civil contempt.