# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| QUANTAVIOUS OBIE,<br><br>    Movant,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION NO.<br>1:18-CR-00007-WMR-JKL<br><br>CIVIL ACTION NO.<br>1:22-cv-106-WMR-JKL |

## ORDER

Movant Quantavious Obie submitted a *pro se* motion to vacate and a supplemental motion to vacate pursuant to 28 U.S.C. § 2255. [Docs. 276, 281]. Movant seeks to vacate his convictions and sentence after pleading guilty to two counts related to sex trafficking and one count related to conspiracy to tamper with witnesses. [Doc. 283 at 1, 7]. In the final report and recommendation ("R&R"), the Magistrate Judge recommends that the Court deny Movant's motions with prejudice because Movant's claims are barred. [*Id.* at 18]. The Magistrate Judge also recommends that a certificate of appealability be denied. [*Id.* at 19].

### I. Legal Standard

In reviewing the R&R, this Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1). Movant had fourteen days after service of the R&R to file objections. *Id.* The R&R was initially served via mail on February 3, 2023. [Doc. 284]. However, it was returned as undeliverable on February 21, 2023. [Doc. 285]. Movant then filed a notice of change of address on March 23, 2023. [Doc. 286]. Finally, Movant filed objections to the R&R on June 12, 2023. [Doc. 287]. Under this record, it is unclear when Movant received the R&R. However, the record indicates that Movant kept the Court informed of his change of address as required by this Court's rules. LR 41.2(B), NDGa. Thus, the Court will consider Movant's objections despite the fact that they are untimely.

## II. Discussion

Movant raises four objections to the R&R, all of which affect the overall analysis of the Magistrate Judge. Because specific objections were made, the Court will engage in a de novo review and take each of them in turn. The Court otherwise incorporates the facts as set forth by the Magistrate Judge in the R&R.

First, Movant objects that the R&R mischaracterizes his claims and disregards five of the grounds for relief Movant asserts in his supplemental motion. [Doc. 287 at 1]. However, this objection is factually inaccurate. The Magistrate Judge did not mischaracterize Movant's claims by stating that all of his grounds for relief relate back to his effort to withdraw his guilty plea on the basis that it was not done knowingly or voluntarily. [Doc. 283 at 13–14]. The entire basis of Movant's claims

2

are that his rights were violated because "he was coerced, threatened and misled into entering an involuntary, unknowing, and unintelligent guilty plea . . . ." [Doc. 276-1 at 2]. Thus, this objection is not supported by the record. Likewise, the Magistrate Judge did not disregard the grounds for relief Movant asserted in his supplemental motion. The supplemental motion lists the following grounds for relief: inadequate factual basis, invalid conflict waiver, conflict of interest, government misconduct, ineffectiveness of counsel, and *ex post facto* clause. The R&R addressed each of these grounds. [Doc. 283 at 11–12]. Furthermore, the R&R correctly noted that each of these grounds could have been raised on direct appeal, and, because they were not, Movant's claims are barred here. [*Id.* at 14–15]; *see Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.").

Second, Movant objects that the law-of-the-case doctrine does not apply here. [Doc. 287 at 2]. Movant relies on the exception to this doctrine that arises when "'the previous decision was clearly erroneous and would work a manifest injustice.'" *United States v. Spellissy*, 842 F. App'x. 516, 518 (11th Cir. 2021) (quoting *Westbrook v. Zant*, 743 F.2d 764, 768-69 (11th Cir. 1984). The Eleventh Circuit previous rejected Movant's assertions that his plea was not knowing and voluntary.

*United States v. Obie*, 817 F. App'x 934, 934–35 (11th Cir. 2020). However, Movant does not argue that this decision was clearly erroneous. Instead, he argues only that the R&R is clearly erroneous. [Doc. 287 at 2–4]. Thus, Movant has failed to show that this exception to the law-of-the-case doctrine applies. As such, Movant's claims are barred by this doctrine.

Third, Movant argues that reasonable jurists could find that his case is not procedurally defaulted. [*Id.* at 4]. However, each of the grounds that Movant asserts for relief could have been brought on direct appeal. [*See* Docs. 276-1, 281]. Movant fails to address why these issues were not raised on appeal, so these claims remain procedurally defaulted. *Lynn*, 365 F.3d at 1234 (11th Cir. 2004) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."). Movant's ineffective assistance of counsel claim is an exception to this rule. *Massaro v. United States*, 538 U.S. 500, 505-09 (2003). However, this claim remains barred because it is not in fact a new claim. Instead, Movant has merely repacked his argument that his plea was not knowing and voluntary because of failures of his attorney. [Doc 267-1 at 2]; *see United States v. Malara*, No. 22-10856, 2023 WL 2128801, at *3 (11th Cir. Feb. 21, 2023) (noting that basing a second challenge to criminal conviction on an ineffective assistance of counsel claim was merely repackaging the same the same

claims under a different name). As such, this Court finds that reasonable jurists would not disagree that Movant's claims are procedurally defaulted.

Fourth, Movant objects that the Magistrate Judge improperly raised defenses on behalf of the United States. It is the Court's role to determine whether Movant is entitled to relief. Thus, the Magistrate Judge did not raise defenses, but rather reviewed Movant's claims and found he was not entitled to the relief he sought. As such, this objection is groundless.

### III.   Conclusion

After considering the R&R, Movant's objections are **OVERRULED**. Thus, the Court hereby receives the R&R [Doc. 283] with approval and adopts its recommendation as the opinion and order of the Court. Accordingly, this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of August, 2023.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE